TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK (CBN 149883)
Assistant United States Attorney
Chief, Asset Forfeiture Section
    312 North Spring Street, 14th Floor
    Los Angeles, California 90012
    Telephone: (213) 894-6166
    Facsimile: (213) 894-0142
    E-mail: Steven.Welk@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> $725,540.00 IN U.S. CURRENCY, <br><br> Defendant. | ED CV NO. 21-00561 <br><br> VERIFIED COMPLAINT FOR FORFEITURE <br><br> [21 U.S.C. 881(a)(6); 18 U.S.C. 981(a)(1)(C)] <br><br> [D.E.A.] |

The United States of America brings this claim against the defendant $725,540.00 in U.S. currency ("defendant currency"), and alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil forfeiture action brought pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C).

2. This court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395(b).

## PERSONS AND ENTITIES

4. The plaintiff is the United States of America.

5. The defendant is $725,540.00 in U.S. currency seized from Brandy Nicole Mizner-Klearman ("Mizner-Klearman") and Jordan Barnett ("Barnett") in Fontana, California on June 3, 2020, during a traffic stop near the Southbound I-15 Duncan Canyon Road off-ramp of a black 2018 Honda Accord registered to Mizner-Klearman.

6. The interests of Mizner-Klearman, Barnett and Courtney Hale ("Hale") may be adversely affected by these proceedings.

7. The defendant is in the custody of United States Marshals Service, where it shall remain subject to this Court's jurisdiction during the pendency of this action.

## FACTS SUPPORTING FORFEITURE

8. On June 3, 2020, the Los Angeles Field Division ("LADF") Riverside District Office ("RDO") Task Force Group 2 ("TF-2"), with the assistance of the Fontana Police Department ("FPD") Narcotics Unit and Task Force Officer Tyler Pope were conducting surveillance of Interstate 15 ("I-15") in the Dale Evans Parkway area of Apple Valley, California. During the course of the surveillance, the investigators saw a black 2018 Honda Accord bearing Georgia license plate RVB2203 (the "Accord") travelling southbound on I-15 at the Dale Evans Parkway. The investigators initiated mobile surveillance on the Accord.

9. Having already noted that the Accord was missing a front license plate (in violation of the California Vehicle & Safety Code), investigators further observed that the Accord was traveling at a speed of 85 miles per hour in an 65 miles per hour zone and initiated a traffic stop for violation of Vehicle & Safety Code Section 22350. FPD Officer Mario Martinez ("Martinez") initiated the

traffic stop and the Accord pulled over on the Southbound I-15 Duncan Canyon Road off-ramp in Fontana, California.

10. FPD Officer Martinez identified Mizner-Klearman and Barnett, respectively, as the driver and passenger by their Georgia and Ohio driver's licenses. Both confirmed that they were not California residents and gave Officer Martinez verbal consent to search the Accord. In the course of that search, Officer Martinez noticed signs that he believed were indications that one or more after-market hidden compartments had been installed in the Accord. Specifically, there were signs that the carpet had been tampered with, the front seats were wobbling, and the floorboards sounded hollow when knocking against them. Officer Martinez knew that the installation of hidden compartments in vehicles is a common method used by traffickers of narcotics and narcotics proceeds in an attempt to avoid detection of illegal activity by members of law enforcement.

11. Officer Martinez, having formed a reasonable belief that the vehicle contained evidence of illegal drug trafficking activity, decided to impound the vehicle for further inspection, and informed Mizner-Klearman and Barnett that the Accord was being towed to the FPD in order to continue the investigation, which was to include the application of proper tools to inspect the vehicle without damaging it. Mizner-Klearman appeared nervous and upset. Both Mizner-Klearman and Barnett denied knowledge of anything illegal and any hidden compartments in the Accord and disclaimed ownership of any narcotics, U.S. Currency, or firearms that might be present. Mizner-Klearman and Barnett were given a ride to a nearby shopping center, where they were released with their personal belongings. The Accord was towed to the FPD.

12. A subsequent search of the Accord at the FPD resulted in the discovery of two hidden compartments in the Accord, one each in the driver's and front passenger's floor panels. Inside both compartments were heat sealed bundles of U.S. Currency, with the total constituting the defendant currency ($725,540.00).

1  Law enforcement removed and seized the defendant currency. The packaging and
2  bundling of the defendant currency (*i.e.,* the use of heat sealing), like the use of
3  hidden compartments, is consistent with common practices of couriers of proceeds
4  of drug trafficking.

5        13.    Based on the above, plaintiff alleges that the defendant currency
6  represents or is traceable to proceeds of illegal narcotics trafficking, or was
7  intended to be used in one or more exchanges for a controlled substance or listed
8  chemical, in violation of 21 U.S.C. § 841, *et seq*. The defendant currency is
9  therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

10       WHEREFORE, plaintiff United States of America prays that:
11       (a)    due process issue to enforce the forfeiture of the defendant currency;
12       (b)    due notice be given to all interested parties to appear and show cause
13 why forfeiture should not be decreed;
14       (c)    that this Court decree forfeiture of the defendant currency to the
15 United States of America for disposition according to law; and
16       (d)    for such other and further relief as this Court may deem just and
17 proper, together with the costs and disbursements of this action.

18

19 DATED: March 31, 2021      TRACY L. WILKISON
20       Acting United States Attorney
         BRANDON D. FOX
21       Assistant United States Attorney
         Chief, Criminal Division
22

23       /s/ Steven R. Welk
         STEVEN R. WELK
24       Assistant United States Attorney
         Chief, Asset Forfeiture Section
25

26       Attorneys for Plaintiff
         UNITED STATES OF AMERICA
27

28

## VERIFICATION

I, Heja Rosebiani, hereby declare that:

1. I am a Special Agent with the Drug Enforcement Administration and am familiar with this investigation.

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law enforcement agents, which I believe to be reliable.

3. Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed March 31, 2021 in Riverside, California.

HEJA ROSEBIANI
Digitally signed by HEJA ROSEBIANI
Date: 2021.03.31 14:27:02 -07'00'

_____
HEJA ROSEBIANI