JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$725,540.00 IN U.S. CURRENCY,<br><br>Defendant.<br><br>―――――――――<br><br>Brandy Mizner-Klearman,<br><br>Claimant. | 5:21-cv-00561- KS<br><br>[PROPOSED] CONSENT JUDGMENT OF FORFEITURE |

Pursuant to the stipulation between plaintiff United States of America and claimant Brandy Mizner-Klearman ("Klearman"), the Court hereby enters this Consent Judgment of Forfeiture containing the terms set forth below:

On or about March 31, 2021, Plaintiff United States of America ("the government," "the United States of America" or "plaintiff") filed a Verified Complaint for Forfeiture alleging that the defendant $725,540 in U.S. currency (the "defendant

property") is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), because the defendant property represents or is traceable to proceeds of illegal narcotic trafficking or was intended to be used in one or more exchanges for a controlled substance or listed chemical.

    On July 27, 2021, Klearman filed a claim and answer regarding $650,000 of the defendant property. ECF Nos. 11, 12. No other claim or answer has been filed despite the giving and publication of notice, and the time for filing a claim and answer has expired.

    The United States of America and Klearman have now agreed to settle this action relative to the disputes between them with respect to the defendant property and to avoid further litigation by entering into this Consent Judgment of Forfeiture.

    The Court, having been duly advised of and having considered the matter, and based on the mutual consent of the United States of America and Claimant Utz,

    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

    This Court has jurisdiction over the subject matter of this action and the parties to this Consent Judgment of Forfeiture.

    The Complaint for Forfeiture states a claim for relief pursuant to 21 U.S.C. § 881(a)(6).

    Notice of this action has been given as required by law. No appearances have been made in the litigation by any person other than Klearman with respect to the defendant property. The Court deems that all other potential claimants admit the allegations of the Complaint for Forfeiture to be true with respect to the defendant currency. The allegations set out in the Complaint are sufficient to establish a basis for forfeiture.

    The sum of $325,000 only (without interest, the "returned property") shall be returned to Klearman. The remainder of the defendant property (*i.e.*, $400,540), plus the interest earned by the United States of America on the defendant property (the "forfeited

property") shall be condemned and forfeited to the United States of America, which shall dispose of the forfeited property in accordance with law.

The returned property should be paid to Klearman by electronic transfer directly into the client trust account of Levine, Flier and Flier, LLP, located at 16133 Ventura Blvd., Suite 1140, Encino, CA 91436, Phone: (818) 990-9500, email: andrew@flierandflier.com.  Andrew Reed Flier is the attorney of record for Klearman in this case.  Klearman or her attorney of record shall provide all information and complete all documents requested by the United States of America in order for the United States of America to complete the transfer including, without limitation, providing Klearman's social security and taxpayer identification numbers (if any), Klearman's attorney of record's taxpayer identification number, and the identity of the bank, the bank's address and the account name, account number, account type and wire transfer routing number for the Levine, Flier and Flier, LLP, client trust account to which the transfer of funds is to be made.

Klearman hereby waives, relinquishes and abandons any right to contest the forfeiture of the forfeited property, and releases the United States of America, its agencies, agents, officers, employees and representatives, including, without limitation, all agents, officers, employees and representatives of the Drug Enforcement Administration or the Department of Justice and their respective agencies, as well as all agents, officers, employees and representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims (including, without limitation any petitions for remission, which Klearman hereby withdraws), actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorney fees, costs and interest, which may be asserted by or on behalf of Klearman with respect to any portion of the defendant currency, whether pursuant to 28 U.S.C. § 2465 or otherwise.

The Court finds that there was reasonable cause for the seizure of the defendant currency and institution of these proceedings; and (ii) this judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

Klearman did not substantially prevail in this action, and the parties hereto shall bear their own attorney fees and costs.

The United States of America and Klearman consent to this judgment and waive any right to appeal this judgment.

December 16, 2022
DATE

HON. KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE

Presented by

E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN S. GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section

  /s/ James E. Dochterman
JAMES E. DOCHTERMAN
Assistant United States Attorney

Attorneys for Plaintiff
United States of America